stage of the case, they must be held to the proper measure of diligence. Whether acting in person, or by proxy, they should reach a conclusion at the proper time, and not delay or embarrass proceedings by shifting their course after action had, or by changing proxies while final action is about to occur at the hearing ordered. Neither the register nor the judge should, at such a time, be asked to delay the hearing, to the annoyance of all present, in order to embark upon a new inquiry as to the changing views of the respective creditors concerning their proxies, etc. It is the duty of all to be at the hearing, prepared to act. If the provisions of the bankrupt act are to be so administered as to promote dilatory motions, its beneficence will disappear. Both debtor and creditor may be otherwise devoured at the will or caprice of one or more creditors, or at the shifting caprices of a debtor. It is the duty of those intrusted with the administration of the bankrupt act to protect the interests of all concerned, and not suffer needless expense and delays. The very object of a composition may be defeated, if one or more factious creditors can defeat the wishes of others; yet a reasonable time should be given for investigation, and for the correction of formal errors.

---

## Case No. 12,520.

### In re SCOTT.

[1 Wkly. Notes Cas. 21.]

District Court, E. D. Pennsylvania. Oct. 7, 1874.

BANKRUPTCY — LEAVE TO SUE IN STATE COURTS — NOTICE.

This was an application by a creditor for leave to sue said bankrupt in the state courts, over a year having elapsed since the adjudication, and no discharge having been had by the bankrupt.

THE COURT ordered personal service of notice of the application to be made on the bankrupt.

[See Case No. 12,521.]

---

## Case No. 12,521.

### In re SCOTT.

[1 Wkly. Notes Cas. 30.]

District Court, E. D. Pennsylvania. Oct. 14, 1874.

See [Case No. 12,520]. Proof of personal service of rule on bankrupt being given, THE COURT made the same order as in Re Whiting [Id. 17,574].

---

## Case No. 12,522.

### SCOTT'S CASE.

[See Case No. 12,517.]

---

## Case No. 12,523.

### SCOTT v. AULD.

[3 Cranch, C. C. 647.] 1

Circuit Court, District of Columbia. Nov., 1829.

SLAVERY — COVENANT TO SET FREE — INCREASE OF FEMALE — EVIDENCE.

The owner of a female slave sold her, without reserving any reversionary right, and took a covenant from the vendee that he would set her free after twelve years' service; nothing being said of her increase in the mean time. Held, that parol evidence of the declarations of the vendor that he had sold the slave for her full value as a slave for life, could not be admitted to be given by the defendant; and that the written evidence purported that the vendor had parted with his whole right in the slave to the vendee, and that the vendor was not entitled to the issue born after the sale.

Detinue [by Jesse Scott's executor against Colin Auld] for three negroes who were born while Hannah, their mother, was in the possession of James Anderson, under the following instrument:

"Alexandria, March 1, 1816. I have this bo't of Mr. Jessey Scott, Hannah and her sonn John; Hannah to serve twelve years, and John untull he is thirty-five years old, and then both to be free; for the faithful performance of which I bind myself, my heirs, &c. Jas. Anderson.

"Test, Jas. W. Scott."

Upon the trial, Mr. Mason, for defendant, offered parol evidence of the declarations of Scott, that he had sold Hannah and John for their full value as slaves for life; and that Anderson was to set them free, and that nothing was said by Scott respecting the issue born during the twelve years.

Mr. Wise, on the same side, cited 1 Phil. Ev. 476, and Peisch v. Dickson [Case No. 10,911], and Livingston v. Ten Broeck, 16 Johns. 14. This suit was brought after the expiration of the twelve years.

Mr. Taylor, for plaintiff, objected, and

THE COURT (nem. con.) rejected the parol evidence.

A verdict was taken for the plaintiff, subject to the opinion of the court upon the case as it appears above stated.

Mr. Taylor and Mr. Hewitt, for plaintiff, contended that there was a reversion in Scott, the vendor, and that the children of Hannah, born during the twelve years' servitude, were his slaves. Negro Maria v. Surbaugh, 2 Rand. [Va.] 228.

THE COURT (MORSELL, Circuit Judge, contra) was of opinion that Scott parted with his whole right in the slaves Hannah and John, to Anderson, who contracted with Scott to emancipate them when they should have served out the respective terms stipulated, &c. Judgment of nonsuit to be entered.

---

SCOTT (BANK OF COLUMBIA v.). See Case No. 880.

1 [Reported by Hon. William Cranch, Chief Judge.]